361 So.2d 788 (1978)
Robert T. MILLER, D/B/a Landscapers Environmental Contractors, Appellant,
v.
Weston E. JUNG and Janice L. Jung, Husband and Wife, Appellees.
No. 78-157.
District Court of Appeal of Florida, Second District.
July 26, 1978.
*789 Charles J. Cheves, Jr., of Cheves & Rapkin, Venice, for appellant.
No appearance for appellees.
OTT, Judge.
A landscaper received a check for an amount less than the account stated on his bill. The check had the words "LANDSCAPING PAID IN FULL" printed on the bottom left corner. On the top of the reverse side were handwritten the words "cashing of this check constitutes release and waiver of any lien." Below this condition the payee typed the words "negotiated by named payees under protest and with reservation of all their rights" and negotiated the check.
The trial court ruled that receipt of a check so conditioned on its face required the payee to notify the drawer of the check that his acceptance was under protest or reservation of rights prior to negotiation.
We hold that Section 671.207, Florida Statutes (1977) precludes the conclusion reached by the trial court.
That section, in pertinent part, provides as follows:

Performance of acceptance under reservation of rights. A party who with explicit reservation of rights ... assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest" or the like are sufficient.
Section 671.207 is a part of the Uniform Commercial Code. The 1972 official text comments to § 1-207, promulgated as an aid to construction by the American Law Institute and National Conference of Commissioners of Uniform State Laws, provides in part that:
The section provides machinery for the continuation of performance along the lines contemplated by the contract despite a pending dispute, by adopting the mercantile device of going ahead with delivery, acceptance, or payment "without prejudice," "under protest," "under reserve," "with reservation of all our rights," and the like. All of these phrases completely reserve all rights within the meaning of this section. [Emphasis supplied.]
To require actual notification prior to negotiation would eviscerate the purpose of the section, which should allow a party to negotiate checks so conditioned on their face without gambling with his right to demand the balance due at a later time. Section 671.207, Florida Statutes (1977) in this instance frees up or minimizes impediments to the flow of commercial paper while reserving the rights of the immediate parties.
So far as our research shows this issue has not been directly addressed by an appellate court in Florida. Other courts, however, have reached a similar conclusion. See Scholl v. Tallman, 247 N.W.2d 490 (S.D. 1976); Baillie Lumber Co., Inc. v. Kincaid Carolina Corp., 4 N.C. App. 342, 167 S.E.2d 85 (1969).
Accordingly, the trial court's order granting a directed verdict is reversed and this cause remanded for further proceedings *790 consistent with this opinion. This decision is not intended to foreclose consideration of all the surrounding facts and circumstances in determining whether or not the parties, in fact, reached an accord and satisfaction or full settlement.
HOBSON, Acting C.J., and BOARDMAN, J., concur.