WENTWORTH, Judge.
Appellants seek review of a final summary judgment entered against them in a breach of employment contract action. They contend the trial court erred in finding as a matter of law that appellant Richard Heuser’s contract of employment with appellee was terminable at will, and that Heuser’s cashing of an $800 check upon which appellee had inscribed “mutually agreed upon final compensation” effected an accord and satisfaction of all claims under the employment contract. We reverse, finding that material issues of fact remain unresolved as to the terms of the contract, particularly regarding a handwritten provision relating to the termination of Heuser’s employment. We also find that Heuser’s cashing of the check did not as a matter of law effect an accord and satisfaction of all claims under the contract.
Richard Heuser and appellee on August 17, 1985 entered into a written contract of employment. Appellee had employed Heu-ser starting in January 1981 as an installer, sales clerk, store manager, and regional manager. In January 1984 Heuser began manufacturing waterbed products of his own. The contract followed discussions and negotiations between Roger Bills, chief executive officer of Waterbed Delight, and Heuser as to Heuser’s manufacturing of waterbed products for appellee. Under the terms of the contract, appellee agreed to pay Heuser $3,500 per month “for a period of one year upon the commencement of this agreement, contingent on the satisfactory performance of his position as evaluated by Waterbed CEO Roger Bills” for the manufacturing of waterbed products exclusively for appellee. Heuser agreed to work a minimum of 40 hours per week exclusively for appellee. Appellee agreed, in the event of any disagreement or misunderstanding concerning Heuser’s performance, to notify Heuser in writing prior to initiating any disciplinary action. Heuser agreed to refrain from any “competitive endeavor” within a 100 mile radius of any of appel-lee’s locations. The contract provided for a penalty equal to an entire year’s wages if Heuser defaulted or breached the contract with regard to the noncompetition clause. A handwritten provision was added to the contract under the “Restrictions—Non-competition—Indemnity” section. The handwritten provision, initialled by both parties, stated:
1. In the event that Roger Bills elects to terminate this agreement or terminate Mr. Heuser from his position at WBD [Waterbed Delight], it is understood this contract will become void.
The contract concluded as follows: “It is also the unequivocal understanding by both parties of this contract that the terms and conditions of this instrument are legally binding and immutable unless any partie [sic] mutually agree to discontinue this arrangement.” The parties initialled an alteration in that clause from “both parties” to “any partie.”
Heuser and appellee entered into two other agreements contemporaneously with the signing of the employment contract. Under these other agreements, Heuser sold appellee all of his waterbed manufacturing equipment and inventory, and appellee subleased from Heuser a 20,000 square foot warehouse.
Subsequent to execution of the employment contract, Bills added a provision to the contract. Appellee acknowledged the amended agreement orally, and later executed a document reflecting the amendment, which was entitled “Addendum to Employment Contract.” The addendum provided that the parties had mutually agreed that 200 marketable waterbed products would be manufactured by Heuser per month. The addendum provided that in the event that Heuser met the 200 saleable bed quota within the allotted period of time, the minimum 40 hour work week requisite would be waived. The addendum further provided that the 200 bed per month figure would apply only as a combined or aggregate monthly amount.
Appellee terminated the contract within three weeks. On September 19, 1985 ap- *1073 pellee’s employee entered the manufacturing plant without prior notice and removed all of the equipment and materials that it had purchased. Appellee alleged that during the early stages of the contract, Heu-ser had traveled to California to investigate other employment opportunities, and had traveled to South Carolina to purchase a vehicle. Heuser received a letter from Bills dated September 18, 1985, in which Heuser was accused of failing to meet a biweekly production quota, failing to show appropriate loyalty to appellee by interviewing for possible future employment as a distributor for another company, and deceiving Bills as to the purpose of several out of state trips. The letter stated that Heuser’s employment was retroactively terminated. On September 20, 1985 appel-lee prepared and forwarded to appellant a check in the amount of $800. The check contained the handwritten condition, “mutually agreed upon final compensation.” Appellant asked Bills in a telephone conversation why the check was $800 short and was advised by Bills that that was all he felt appellant deserved.' Bills told Heuser that the additional payment would not be forthcoming. To indicate his disagreement with the condition contained upon the check, Heuser scratched out the restrictive terms, wrote “not agreed upon” on the check, and initialed it. Heuser thereafter cashed the check.
Heuser and his wife brought suit against appellee, alleging breach of employment contract, breach of lease, and conversion. Appellee moved for entry of partial summary judgment upon the breach of employment contract count. Appellee alleged that entry of summary judgment in its favor was required based upon the “at will” nature of the employment contract, and the existence of an accord and satisfaction resulting from appellant’s acceptance of the check. At the hearing on the motion for summary judgment appellee relied upon the handwritten notation to the noncompet-ition clause as evidence that the contract was terminable at will. Appellee also relied upon the notation on the $800 check to establish an accord and satisfaction of all obligations under the contract. The trial court, granting the motion for summary judgment, held as a matter of law that Heuser’s employment contract was terminable at will and appellant therefore had no remedy for appellee’s termination of the contract. The trial court also held as a matter of law that appellant’s cashing of the $800 check constituted a complete accord and satisfaction for all claims arising out of the termination.
We find that entry of summary judgment on the breach of employment contract count was not warranted in that issues of material fact are unresolved as to the parties’ intent under the contract terms, including the handwritten provision pertaining to the termination of appellant. Upon consideration of the contract as a whole, and the location of the handwritten notation under the noncompetition clause, the termination provision did not in itself create an employment at will agreement and did not nullify the general intent of the contract expressed in those provisions requiring appellee to provide written notice of dissatisfaction prior to termination, to act in good faith in evaluating Heuser’s performance, and to be bound by agreed upon objective performance standards. When a party seeking summary judgment in a contract dispute is under a contractual duty to provide notice to an adversary, the existence of unresolved factual issues concerning the compliance with notice requirement precludes summary judgment. See Gomez v. American Savings & Loan Assoc., 515 So.2d 301 (Fla. 4th DCA 1987). The evidence in this case indicates that appellee provided no notice to Heuser prior to terminating the contract, and failed to allow him to cure any deficiency in performance as agreed upon under the terms of the contract. We further conclude that the provision stating that the contract cannot be terminated “unless any partie [sic] mutually agree to discontinue this arrangement” (e.s.) does not clearly provide an at will employment arrangement. In Maines v. Davis, 491 So.2d 1233 (Fla. 1st DCA 1986), the court set forth rules of contract construction as follows:
*1074 1) The contract should not be held void for uncertainty unless indefiniteness reaches a point where construction becomes futile; 2) ambiguities are to be construed against the drafter; 3) the conduct of the parties through their course of dealings shall be considered to determine the meaning of the written agreement where the terms are in doubt; 4) the objects to be accomplished shall be considered, and to this end the court shall place itself in the position of the parties when the contract was entered into; 5) the interpretation of the contract should be consistent with reason, probability, and practical aspects of the transaction; and 6) the contract should be considered as a whole, not in its isolated parts, [cites omitted]
Maines at 1235. Application of these principles to the contract indicates that unresolved issues of fact exist, and that the question of whether the parties intended a contract terminable at will is one for the jury to decide.
We also find that entry of summary judgment was improper as to an accord and satisfaction of claims under the employment contract. The “defense of accord and satisfaction involves the issue of whether the parties mutually intended to effect a settlement of an existing dispute by entering into a superseding agreement.” Hannah v. James A. Ryder Corp., 380 So.2d 507, 509 (Fla. 3d DCA 1980). The parties disagree as to whether the negotiation of the check was intended to effect a settlement of all claims under the contract. Heuser stated that he and Bills did not enter into any agreement that the check would constitute Heuser’s final compensation under the employment contract. Heu-ser also stated that he did not cash the check with the understanding that it constituted full and complete payment for services rendered to appellee. The evidence therefore is conflicting as to whether the parties reached a genuine meeting of the minds as to the cashing of the check. The issue of whether an accord and satisfaction has been effected “is one of fact which may not properly be resolved by summary judgment.” Hannah at 509.
The order is reversed and the cause remanded for further consistent proceedings.
ERVIN and ZEHMER, JJ., concur.