GERSTEN, Judge.
This is an appeal from a final summary judgment. The trial court determined that as a matter of law an accord and satisfaction barred recovery in this action for breach of an oral contract and quantum meruit. We affirm.
Appellee, W.P. Austin Construction Corp. (builder), contracted with appellant W.C. Murphy Architect, P.A. (architect), to provide architectual services. There was no written agreement between the parties, but the architect received periodic payments from the builder. Sometime before the construction project was completed, the parties met to discuss an accounting on the project.
Thereafter, although the architect disagreed with the builder’s accounting, the architect accepted and negotiated the builder’s check. In doing so, the architect was well aware that the builder intended this to be a final payment. This check contained the following notation on its face:
“Final Payment Miami Rescue Mission.” This negotiated check neither contained any obliteration of the notation of “Final Payment” written on the face nor noted an objection by a qualifying indorsement.
Eleven months later, the architect brought suit against the builder for breach of oral contract and quantum meruit. The builder answered the architect’s complaint and raised “accord and satisfaction” as an affirmative defense. The builder also moved for summary judgment on the ground of accord and satisfaction. The trial court granted the motion for summary judgment and this appeal ensued.
The architect alleges that the trial court erred in granting summary judgment because there were issues of material fact to be determined by the trial court. Specifically, there were questions as to the meeting of the minds which would give rise to an accord and satisfaction. The builder asserts that there was, as a matter of law, an accord and satisfaction because the architect negotiated the check marked “Final Payment Miami Rescue Mission,” without obliterating the wording or qualifying the indorsement.
“[A]n accord and satisfaction results as a matter of law when an offeree accepts a payment which is tendered only on the express condition that its receipt is to be deemed a complete satisfaction of a disputed claim.” Hannah v. James A. Ryder Corporation, 380 So.2d. 507, 509-510 (Fla. 3d DCA, 1980). In Hannah, a decision from this court, we reversed a summary judgment entered on the ground of accord and satisfaction.
Hannah involved a check for partial payment of a proposed settlement with the balance being paid in equal monthly installments. The initial check was accompanied by a letter explaining the settlement. The letter was to be signed and returned, and the check cashed, if the settlement were accepted. Instead, the letter was not signed and the check contained the following indorsement:
“This check is not cashed as partial payment and is not in accordance [sic] and satisfaction to my claim against Ryder Corp.”
In Hannah there was a two-step process. The letter of acceptance had to be signed, and, the check had to be negotiated as tendered. In the present case, there was only a one-step process. The builder made it clear to the architect, and the architect agreed before this court, that cashing the ciieck alone would be sufficient to create a binding agreement of settlement between them. There was no accompanying letter or instrument to be signed or any act required other than negotiation of the check.
Further, the architect cashed the check without obliterating the “Final Payment” language or noting an objection by a qualifying indorsement. Having knowledge of the conditions under which the builder tendered the check, the architect accepted and negotiated it. Thus, there is no genuine issue as to any material fact.
This case is also distinguishable from that of Heuser v. Sunbelt Enterprises, Inc., 537 So.2d 1071 (Fla. 1st DCA 1989), where it was found that entry of summary judgment was improper as to an accord and satisfaction of claims under an employment *304 contract. In Heuser, although a check was cashed, there was no understanding that the cashing of the check constituted full and complete payment for services rendered. There was no conclusive showing of a genuine meeting of the minds as to the cashing of the check. Heuser, 537 So.2d at 1074.
Having concluded that the other contention raised by the architect is without merit, we affirm the order of final summary judgment because the architect had a complete understanding when he cashed the check that the builder intended it to be in full satisfaction of the outstanding debt. See Pino v. Lopez, 361 So.2d 192 (Fla. 3d DCA), cert. dismissed, 365 So.2d 714 (Fla.1978).