563 So.2d 145 (1990)
REPUBLIC FUNDING CORPORATION OF FLORIDA, Etc., Appellant,
v.
Oscar F. JUAREZ, Appellee.
No. 89-478.
District Court of Appeal of Florida, Fifth District.
May 31, 1990.
Rehearing Denied July 5, 1990.
*146 Dale K. Bohner of Dale K. Bohner, P.A., Tampa, for appellant.
Thomas F. Neal of Drage, deBeaubien, Knight & Simmons, Orlando, for appellee.
PER CURIAM.
This case involves a summary judgment in favor of a movant asserting an affirmative defense of accord and satisfaction.
Appellant, a real estate broker, and appellee, as owner, had an agreement that if the broker procured a purchaser for the owner's approximately 14 acre parcel of property the owner would pay the broker a commission. There is a present dispute between the broker and the owner as to how the commission was to be computed but both agree that the commission varied with the amount of the purchase price; the broker swears the commission was to be $75,000 for the first $1,275,000 plus 50% of the purchase price over $1,275,000 up to a total of 10% of the total sale price; the owner swears the commission was to be 6.73% of the sale price. Peculiarly this factual dispute is not the issue on this appeal. Apparently, whatever the amount of the commission, it was to be paid, with interest, over a period of time from, and as a percentage of, receipts by the owner-seller of some deferred portion of the purchase money. The purchase price varied with the number of units permitted on the parcel. Apparently the broker did nothing other than "procure" the purchaser and did not know the final actual purchase price for the total transaction. The broker also anticipated a commission on an adjacent .71 acre parcel which was sold by the owner to the same purchaser. At a later point of time the owner-seller wrote the broker advising that the purchaser had made final payment of the purchase money and "Enclosed please find your pro-rata share in the amount of $44,982.53 which represents payment in full of your commission due." The broker deposited the attached check marked "paid in full, full payment".
The broker, who assumed the final payment represented a commission of $87,500 plus interest based on a sale price of $1,300,000, later learned the actual sale price of the 14 acre parcel was $1,359,088 and filed an action for an additional $29,544.00 (50% of $59,088) due under the broker's view as to the agreed commission as well as for $11,900 (10% of $119,000) claimed as commission on the .71 acre parcel. The owner-seller pleaded the affirmative defense of accord and satisfaction and moved for summary judgment citing Mortell v. Keith, Mack, Lewis & Allison, 528 So.2d 1362 (Fla. 3d DCA 1988) as authority for the proposition that the letter and check for $44,982.53 constituted an accord and satisfaction as a matter of law. The trial judge granted summary judgment in favor of the owner. The broker appeals. We reverse.
Accord and satisfaction results when there is an existing dispute as to the proper amount due from one party (the debtor) to another party (the creditor) and the parties mutually intend to effect settlement of the existing dispute by a superceding agreement and the debtor tenders, and the creditor accepts, performance of the new agreement in full satisfaction and discharge of the debtor's prior disputed obligation. Jacksonville Electric Authority v. *147 Draper's Egg and Poultry Company, 557 So.2d 1357 (Fla. 1990); Goslin v. Racal Data Communications, Inc., 468 So.2d 390 (Fla. 3d DCA 1985), rev. denied, 479 So.2d 117 (Fla. 1985); Rudick v. Rudick, 403 So.2d 1091 (Fla. 3d DCA 1981); Hannah v. James A. Ryder Corporation, 380 So.2d 507 (Fla. 3d DCA 1980); and W.C. Murphy Architect, P.A., v. W.P. Austin Construction Corporation, 547 So.2d 302 (Fla. 3d DCA 1989). An accord and satisfaction agreement is often implied from the acts of the parties after the resolution of disputed issues of fact by trial. An accord and satisfaction results as a matter of law only when the creditor accepts payment tendered on the expressed condition that its receipt is to be deemed to be a complete satisfaction of a disputed issue. In the absence of a dispute and a finding or admission that the parties intended to, and did, reach an accord and agreed to resolve that dispute by payment of an agreed amount, a partial payment of a legal obligation does not act to satisfy and discharge that obligation.
There was a "difference" or dispute between the parties in this case as to the broker's entitlement to a commission on the adjacent .71 acre parcel but there is no evidence of a pre-existing dispute between the parties as to the amount of the commission due on the 14 acre parcel, as distinguished from lack of knowledge on the part of the broker as to the actual sale price of $1,359,088.00. Also there is no evidence that the $44,982.53 payment was tendered, and accepted, with the understanding and intention on the part of both parties that the agreed sum was to resolve any dispute and satisfy and discharge the dispute as to whether or not the broker was entitled to a commission on the sale of the .71 acre parcel. Compare W.C. Murphy Architect, P.A., v. W.P. Austin Construction Corporation, 547 So.2d 302 (Fla. 3d DCA 1989). Indeed, while the owner-seller was seeking to establish that the purported accord and satisfaction encompassed both the amount of the commission on the 14 acre parcel and the commission claimed by the broker on the.71 acre parcel, the letter accompanying the check states that the owner-seller had just received final payment and that he was forwarding to the broker a check for $44,982.53 "which represents payment in full of your commission due." This language can easily be interpreted as applying only to the 14 acre sale and not to the sale of the .71 acre parcel. See Jobear, Inc. v. Dewind Machinery Co., 402 So.2d 1357 (Fla. 4th DCA 1981).
The summary judgment is reversed and the cause remanded for further proceedings.
REVERSED.
DAUKSCH, COWART and GRIFFIN, JJ., concur.