GRIFFIN, Judge.
This is an appeal from a summary judgment rendered in favor of one of the defendants below on claims for conversion and fraud. We reverse.
It appears that the lower tribunal entered summary judgment on the basis that the plaintiff’s agreement to sell the 1983 Oldsmobile to the codefendant (appellee’s son) for the amount she had invested constituted a “novation” that would supersede her claims for fraud and. conversion. In order for such an agreement to constitute an accord and satisfaction of any tort claim, however, the plaintiff must intend *598 the relinquishment of her claims in exchange for the consideration offered. See Republic Funding Corp. v. Juarez, 563 So.2d 145 (Fla. 5th DCA 1990). Here, the record does not establish without dispute that the plaintiff knew of the facts giving rise to her fraud claim[1] at the time she entered into the agreement with appellee’s codefendant or intended to bargain them away. To the contrary, it appears from most of the testimony in the record that the transaction was based on completely different premises. Moreover, the plaintiff contends the “novation” agreement was part of the fraudulent scheme.
Additionally, plaintiff testified that her agreement was: “if you give me every dime I put in it you can have the car.” If, based on that agreement, upon codefend-ant’s refusal to pay the balance of the purchase price, appellee refused demand to relinquish possession of the automobile to appellant, the jury could find a conversion arising subsequent to the “novation” agreement.
The summary judgment is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ„ concur.

. For example, appellee allegedly promised that, if plaintiff would purchase the wrecked vehicle and pay for the repairs, the defendants would obtain title for her and restore the vehicle. In fact, there is evidence that no effort to obtain title in her name was ever made and defendants did not deliver the vehicle.