703 So.2d 523 (1997)
Kenneth J. POGGE, Appellant,
v.
DEPARTMENT OF REVENUE, STATE OF FLORIDA, Appellee.
No. 97-1031.
District Court of Appeal of Florida, First District.
December 30, 1997.
*524 Larry E. Levy, The Levy Law Firm, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Eric J. Taylor, Assistant Attorney General, and James F. Auley, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, Judge.
Kenneth J. Pogge appeals an adverse final summary judgment entered against him in his circuit court action for a tax refund. The Department of Revenue (Department) persuaded the circuit court that Pogge's action was barred by section 72.011(2), Florida Statutes (1987), and also by the doctrine of accord and satisfaction. We reverse.
Pogge was a shareholder in P & M Oil Company in Tallahassee. The other shareholders in the corporation were Russell McGregor, William O. Patterson and Ronald A. Mowrey. On August 26, 1987, pursuant to section 213.29, Florida Statutes, the Department issued Notices of Jeopardy Assessment to the shareholders of P & M, including Pogge, advising them of the assessment of an estimated personal liability penalty based upon P & M's failure to remit sales taxes and local option gas taxes to the Department. Under section 213.29, an individual officer or director of a corporation may be liable for a penalty under a jeopardy assessment if the officer or director "has administrative control over the collection and payment of such tax and ... willfully directs any employee of the corporation to fail to collect or pay over, evade, defeat, or truthfully account for such tax...." Section 213.29 further provides that the executive director of the Department may compromise any jeopardy assessment penalty "as set forth in s. 213.21." The estimated jeopardy assessment against Pogge totalled $109,314.10. Ultimately, the Department withdrew the assessments against McGregor, Patterson and Mowrey.
Pogge took no immediate action in the face of the assessment, and on August 31, 1987, the Department recorded two warrants in the public records of Leon County. These warrants acted as a lien against Pogge's real property based upon the unpaid taxes. In early 1988, Pogge sought to sell real property in Leon County. On June 1, 1988, attorney Ralph Datillio wrote to the Department advising that his law firm had been designated as escrow agent for purposes of obtaining *525 releases of the Department's liens. The Datillio letter stated that "the amount due DOR is $82,100.55." On July 13, 1988, the Department responded to attorney Datillio acknowledging that the amounts due from Pogge under the warrants were, respectively, $67,009.19 and $15,091.36, for a total of $82,100.55. In that letter from the Department's Assistant Chief of Bureau of Enforcement, the Department acknowledged Datillio's status as "escrow agent for purposes of obtaining release of these liens" and advised that the liens would be immediately satisfied upon payment to the Department "of the amount of taxes owed, $82,100.55" plus filing fees. Datillio immediately issued from his trust account a check to the Department in the amount due. The Department then released its liens on July 18, 1988, and Pogge was able to close the transaction.
On February 23, 1990, Pogge's accountant, Raleigh Leonard, wrote to the Department. Leonard urged the Department to recognize that Pogge was not responsible for the jeopardy assessment. Leonard attached to his letter a notice from the United States Internal Revenue Service advising that Pogge had not been a "responsible officer" of P & M Oil for purposes of federal tax payments. On March 22, 1990, Pogge filed an application for a refund with the Department. Pogge continued to take the position that he was not personally liable for the taxes of P & M Oil Company. Before filing the application for refund, Pogge received from the Department a letter from its assistant general counsel noting that upon filing of the application, Pogge would "receive a final order which would be reviewable in circuit court." On August 17, 1990, the Department denied Pogge's application for refund.
On October 17, 1990, Pogge's personal attorney, Larry Levy, filed a protest of the refund denial. In this letter, attorney Levy stated that Pogge had mistakenly paid the jeopardy assessment because he did not know he had no individual liability. Levy relied upon section 215.26, Florida Statutes, which allows the refund of any monies paid into the state treasury "in error." On March 12, 1991, the Department issued a letter of decision finding that Pogge was liable for the penalty under section 213.29. The Department took the position that no refund was available under section 215.26(1)(c), Florida Statutes (1987), because the assessment had been paid by a check drawn on Attorney Datillio's trust account, and not by Pogge individually. The Department further advised that the Notice of Decision was final for purposes of "court action or administrative proceeding." Within 60 days, Pogge filed this action for a refund.
The Department relies upon section 72.011(2), Florida Statutes (1987), and argues that Pogge lost his right to a refund because he did not, pursuant to the provisions of that statute, bring the action within "60 days from the date the assessment [became] final." According to the Department, the passage of 60 days rendered the agency action final and barred a circuit court from entertaining the suit for refund. The Department analogizes to section 194.171, Florida Statutes. In Markham v. Neptune Hollywood Beach Club, the supreme court found that a trial court could not exercise jurisdiction over an ad valorem tax case because the 60-day time period in section 194.171(2) is jurisdictional. 527 So.2d 814 (Fla.1988). The Department notes that here Pogge received his assessment on August 26, 1987. This jeopardy assessment was a final assessment pursuant to section 212.15(4), Florida Statutes, and Rule 12A-1.090, Florida Administrative Code. Pogge never filed a challenge or objection to that assessment within 60 days of August 26, 1987, as required by section 72.011(2). Accordingly, the Department argues that Pogge is barred and may now never challenge the assessment.
Pogge argues that circuit courts have jurisdiction of denials of refunds of taxes under section 215.26, Florida Statutes, in three situations: (1) an overpayment; (2) a payment where no tax is due; and (3) any payment in error. See § 215.26(1), Fla. Stat. (1987). In this case, Pogge made a payment where no tax was due because he was not an officer or director who had administrative control over the collection and payment of the tax, nor did he willfully direct any employee of the corporation to fail to collect or pay over, evade, defeat, or truthfully account for such tax, *526 pursuant to section 213.29, Florida Statutes. Pogge also notes that although the Legislature amended section 72.011 in 1991, at all times pertinent to this lawsuit, section 72.011(6), Florida Statutes (1987), provided that section 72.011 "is not applicable to actions for refund of taxes previously paid." The Legislature's subsequent amendment of this section, Chapter 91-112, Laws of Florida, does not apply to this case. Pogge reasons therefore that the 60-day constraint of section 72.011(2), Florida Statutes (1987), does not apply at all to this case. He supports his argument by noting from the record that on two occasions, in March 1990 and March 1991, the Department advised Pogge that its final decision on his refund request would be reviewable in circuit court and, moreover, specifically advised him of his right to bring a court action within 60 days after any denial of the refund request. Pogge brought this action within the time specified in the Department's notice of decision. Pogge notes that the circuit courts, at the time this action was brought, had jurisdiction over an action for refund of excise taxes allegedly collected unlawfully. See Florida Export Tobacco Co. v. Department of Revenue, 510 So.2d 936 (Fla. 1st DCA), review denied 519 So.2d 986 (Fla.1987).
We hold that the circuit court did have jurisdiction of this matter. Until amended in 1991, section 72.011(6) provided: "This section is not applicable to actions for refunds of taxes previously paid." Although Pogge could not challenge the assessment under chapter 72, he did not lose his right to bring a refund action, once having paid the taxes. Certainly, during the course of formal and informal proceedings before the circuit court the Department concurred in this view and repeatedly advised Pogge of his right to seek review in circuit court. The Department's attempted analogy to section 194.171 fails because that statute expressly includes refund actions within its provisions. Accordingly, the trial court erred by finding that the refund action was barred by section 72.011(2).
The Department also argues that the action may not proceed because Pogge acquiesced in an accord and satisfaction when he paid the assessment in 1988. The Department contends that Pogge had Datillio's law firm obtain releases of liens, having engaged Datillio to resolve the tax dispute between himself and the Department. Pogge may not, under the Department's view, seek a refund.
Pogge argues that he merely paid the amount due and did not seek a compromise. He further notes that no evidence in this record establishes that Attorney Datillio was acting as Pogge's agent for purposes of reaching a settlement with the Department. The only documentation of record indicates that Datillio served solely as escrow agent in order to clear liens from the property.
"Discharge of a claim by accord and satisfaction means `a discharge by the rendering of some performance different from that which was claimed as due and the acceptance of such performance by the claimant as full satisfaction of his claim.'" Jacksonville Elec. Auth. v. Draper's Egg & Poultry Co., 557 So.2d 1357, 1358 (Fla.1990) (quoting A. Corbin, CORBIN ON CONTRACTS, § 1276 (1962)). An accord and satisfaction occurs where (1) the parties intended to effect a settlement or resolve an existing dispute by entering into an agreement; and (2) the parties have engaged in actual performance in relation to the new agreement in order to resolve or settle the dispute. See Republic Funding Corp. v. Juarez, 563 So.2d 145 (Fla. 5th DCA 1990).
In this case, the evidence does not show resolution of an existing dispute. Datillio wrote the Department advising that the amount due to satisfy the liens was $82,100.55. There is no evidence in the record of any negotiations or dispute about the amount due. As Pogge points out, the jeopardy assessment clearly indicates that it was in an estimated amount. We find, therefore, that no evidence indicates the Department actually compromised tax liability; rather, the Department merely assessed and accepted the correct amount due. The Department never treated the 1988 transaction between itself and attorney Datillio as an accord and satisfaction. The Department never characterized Datillio's payment on *527 Pogge's behalf as compromise of a disputed amount. Moreover, the Department did not follow the procedures of section 213.21(3)(a), Florida Statutes, which require the Department to maintain records of all compromises and that such records state the basis of any compromise. The record before us clearly indicates that the Florida Department never treated the 1988 transaction as a compromise of tax liability until after Pogge brought the circuit court action in 1991.
We REVERSE the final summary judgment entered in favor of the Department and REMAND this action for further proceedings consistent with this opinion.
DAVIS and BENTON, JJ., concur.