979 So.2d 1023 (2008)
Pamela Cristina MARTINEZ, Maria Salvade, et al., Appellants,
v.
SOUTH BAYSHORE TOWER, L.L.L.P., Appellee.
No. 3D07-340.
District Court of Appeal of Florida, Third District.
March 5, 2008.
Katz, Barron, Squitero, Faust, Friedberg, Grady, English, & Allen, Stephen P. Walroth-Sadurni, and Bernard Allen, Miami, for appellants.
Baker & McKenzie and Lee E. Stapleton and Effie D. Silva, Miami, for appellee.
Before GERSTEN, C.J., and SUAREZ, and ROTHENBERG, JJ.
PER CURIAM.
Appellants ("Purchasers") seek reversal of an adverse summary judgment in favor of South Bayshore Tower, L.L.L.P. ("the Developer"). Based upon accord and satisfaction, we affirm.
The Developer and the Purchasers entered into pre-construction condominium *1024 contracts and the Purchasers gave the Developer a ten percent deposit of the total purchase price. Thereafter, the Developer abandoned the project. The Developer returned the Purchasers' deposits with a letter stating that cashing the check would serve as an accord and satisfaction, terminating the parties' rights and obligations under the contract. All of the Purchasers cashed their checks.
The Purchasers contend that there was no intent to settle an existing dispute and thus, no accord and satisfaction. The Developer asserts that there was an accord and satisfaction because the Purchasers relieved the parties of all rights and obligations under the contract by cashing their returned deposit checks. We agree with the Developer.
An accord and satisfaction results when: (1) the parties mutually intend to effect a settlement of an existing dispute by entering into a superseding agreement; and (2) there is actual performance in accordance with the new agreement. Compliance with the new agreement discharges the prior obligations. Rudick v. Rudick, 403 So.2d 1091, 1094 (Fla. 3d DCA 1981).
Here, cashing the checks satisfied the elements of accord and satisfaction. It showed that the Purchasers intended to effectuate a settlement of the dispute and also constituted actual performance of the new agreement.
Additionally, if an offer clearly serves as an accord and satisfaction, and the other party accepts the offer, then he or she is bound to the conditions attached. McGehee v. Mata, 330 So.2d 248 (Fla. 3d DCA 1976). Had the Purchasers intended the Developer to remain obligated under the contract, then they should not have cashed their checks.
Further, strong public policy supports the use of accord and satisfaction. Accord and satisfaction is a convenient and valuable tool for resolving disputes informally without litigation. Burke Co. v. Hilton Dev. Co., 802 F.Supp. 434 (N.D.Fla. 1992). It would be unjust to allow a party to accept a check as an accord and satisfaction, and then later permit that party to sue under the same rights and obligations that the accord and satisfaction was intended to release. The person cannot "have his cake and eat it too." 802 F.Supp. at 439.
Accordingly, we affirm the final summary judgment.
Affirmed.