POLEN, J.,
dissenting.
I respectfully dissent. While I agree with the majority that whether or not there was an enforceable settlement is governed by the law of contracts, not offers of judgments, I believe that is precisely what the trial court did. The majority cites Martinez v. S. Bayshore Tower, L.L.L.P., 979 So.2d 1023 (Fla. 3d DCA 2008), for the proposition that in settling a dispute “he or she is bound to each of the attached conditions of the new agreement .... ” (emphasis supplied). Yet, it seems to ignore condition 5:
5. The Settlement Funds shall be paid to the trust account of Leopold-Kuvin, P.A. within twenty (20) days of delivery to Cirrus of a duly executed acceptance of this offer of judgment.
Clearly, the appellees (and appellant) intended to settle wrongful death/personal injury claims for one thing: the payment of money. The agreement further provided the payment would be made within twenty days of the acceptance, NOT 152 days later! Under the majority’s analysis, once the plaintiffs accepted, Cirrus could have taken 1,520 days, or perhaps 15,200 days to pay. I think the trial court was correct to deny enforcement. I would affirm.