380 So.2d 507 (1980)
Peter B. HANNAH D/B/a International Servicetrade Co., Appellant,
v.
JAMES A. RYDER CORPORATION, a Florida Corporation, Appellee.
No. 79-1198.
District Court of Appeal of Florida, Third District.
February 26, 1980.
*508 Mac A. Greco, Jr., Tampa, for appellant.
Greenberg, Taurig, Hoffman, Lipoff, Quentel & Wolff and Richard G. Garrett, Miami, for appellee.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
SCHWARTZ, Judge.
On May 9, 1977, the plaintiff-appellant, Peter B. Hannah, sued James A. Ryder Corporation to recover over $150,000 on an oral agreement to pay a 15% sales commission for finding Iranian purchasers of the defendant's cranes. The trial court entered summary judgment against Hannah on the ground that Ryder had conclusively established its affirmative defense of accord and satisfaction. The basis of the ruling was that Hannah was deemed by operation of law to have accepted Ryder's offer to compromise the claim by cashing three checks, totalling $4,000, which had been tendered as partial payments towards a proposed $20,000 settlement. On the facts shown by the record, we find error in that conclusion and therefore reverse the judgment below.
The offer of compromise which gave rise to the defendant's claim of accord and satisfaction was contained in a letter to Hannah from a vice-president of Ryder dated May 11, 1976. It stated, in part:[1]
We propose to pay your firm a Finders Fee of $20,000.00. Enclosed is our check for $2,000.00. The balance would be paid at $1,000.00 per month for eighteen (18) months. Payment of the $20,000 would constitute full satisfaction to you for past or future sales of our equipment by us. If this is acceptable to you, please signify your acceptance by depositing the enclosed *509 check and signing copy of this letter. Upon receipt of the accepted letter we will commence the subject monthly remittance to you. If not accepted, please return the enclosed check and we will be happy to discuss the matter further with you either here in the United States or in Iran. [e.s.]
Hannah did not execute a copy of the letter in the space provided. Although he cashed the enclosed $2,000 check, he did so with the following endorsement:
"This check is not cashed as partial payment and is not in accordance [sic] and satisfaction to my claim against Ryder Corp."[2]
A month later, on June 15, 1976, Ryder's president sent Hannah another $1,000 check with an accompanying letter which provided:
"Your acceptance of the two checks totalling $3,000.00 will, of course, indicate your approval of our offered compensation and, in that event, we will expect you to sign and return the acceptance copy of our offer, previously mailed to you."
Again, the plaintiff did not sign the "acceptance copy" of the earlier offer but negotiated the check over the legend that
"This check is not cashed in satisfaction and accord of claim I have against Ryder Corp."
On July 13, 1976, Hannah sent Ryder a letter which unequivocally, if ungrammatically, said
"I have not intention of accepting the present checks unless they do not constitute my agreeing to your unfair terms."
The final pre-lawsuit Ryder-to-Hannah communication was dated August 9, 1976; it transmitted another $1,000 check "representing the third payment on your fee leaving a balance of $16,000.00 due at $1,000.00 per month for sixteen months." The plaintiff again endorsed the check with a statement of protest identical to the previous one. Ryder neither made nor tendered any further payments towards the $20,000 "settlement." Nevertheless, the trial judge found in the order under review:
... that defendant is entitled to judgment as a matter of law inasmuch as the instant action asserts unliquidated claims and evidence of record establishes the validity of the defense of accord and satisfaction, including the existence of an agreement between the parties regarding the subject claims which has not been breached by defendant and operates as a bar to the claim alleged herein.
... [D]efendant's Motion for Summary Judgment is hereby granted and the cause is finally dismissed as to the defendant ... with the understanding and stipulation by defendant that it is currently indebted to the plaintiff, pursuant to the defense of accord and satisfaction, in the amount of SIXTEEN THOUSAND ($16,000.00) DOLLARS.
We think it apparent that these circumstances fall far short of conclusively demonstrating the existence, as a matter of law, of an accord and satisfaction which bars the plaintiff's present claim. See Holl v. Talcott, 191 So.2d 40 (Fla. 1966). The defense of accord and satisfaction essentially involves the issue of whether the parties mutually intended to effect a settlement of an existing dispute by entering into a superseding agreement. Ordinarily, that issue, in turn, is one of fact which may not properly be resolved by summary judgment. E.g., Burley v. Mummery, 222 So.2d 261 (Fla. 3d DCA 1969); see First National Bank of Upper Keys v. Caribe Equipment Corp., 378 So.2d 19 (Fla. 3d DCA 1979), and cases cited. Ryder, however, citing Sanford v. Abrams, 24 Fla. 181, 2 So. 373 (1887) and McGehee v. Mata, 330 So.2d 248 (Fla. 3d DCA 1976), invokes the established doctrine that an accord and satisfaction results as a matter of law when an offeree accepts a payment which is tendered only on the express condition that its receipt is to be deemed a complete satisfaction of a disputed *510 claim. See also Pino v. Lopez, 361 So.2d 192 (Fla. 3d DCA 1978), cert. dismissed, 365 So.2d 714 (Fla. 1978). It is also the common law rule[3] that when one cashes a check received under such circumstances, he may not avoid the effect of that action  as Hannah attempted to do  by purporting to receive the funds only "under protest." See 1 Am.Jur.2d Accord and Satisfaction §§ 21-22 (1962). For three separate reasons, however, these principles do not  certainly not as a matter of law  serve to support the judgment below.
1. In United States Rubber Products v. Clark, 145 Fla. 631, 200 So. 385, 390 (1941), the supreme court stated:
"... it should be observed that the debtor or offeror must make it clear that the tender he sends is offered only on condition that it is taken in full payment. See Bryan, Keefe & Co. v. Howell, 92 Fla. 295, 109 So. 593; 6 Williston on Contract (1936) 5220, Sec. 1856." [e.s.]
Accord, cases collected, Annots., 34 A.L.R. 1035, 1052-53 (1925), 75 A.L.R. 905, 919-922 (1931); 1 Am.Jur.2d Accord and Satisfaction § 34 (1962). The facts of the present case do not satisfy either of these stated conditions to the application of the rule upon which Ryder relies:
(a) The checks Hannah cashed represented only installments and were not even avowedly tendered in full or complete satisfaction of his outstanding claim. To the contrary, the May 11, 1976 letter specifically stated that only "[p]ayment of the [entire] $20,000 would constitute full satisfaction."
(b) Ryder surely did not, as required, explicitly and unambiguously state that cashing the check or checks would alone be sufficient to establish a binding agreement. Instead, the defendant told Hannah to indicate his acceptance by depositing the check "and signing copy of this letter"  something he admittedly never did.
On two grounds, therefore, the plaintiff's mere negotiation of the three checks did not bind him, as a matter of law, to the $20,000 settlement only proposed by Ryder. As was said in Burley v. Mummery, supra, 222 So.2d at 264:
"In the absence of a conclusive showing of a genuine meeting of the minds of these parties as to the intended effect of the check there can be no summary final judgment."
2. Assuming, arguendo, however, that a settlement agreement was initially effected, it is established that
"[e]ven if a check or other remittance is tendered upon the condition that it be accepted in full satisfaction of the claim, the debtor may waive the condition by failing to insist upon it, or he may indicate by his conduct after the remittance has been accepted that he does not consider it to be a final settlement of the claim." [e.s.]
1 Am.Jur.2d Accord and Satisfaction § 15 (1962). This statement of the law also applies here. As we have seen, Ryder did not remit any further payments after Hannah had, for the fourth time, insisted that they would be accepted only without agreeing to the "unfair" settlement it had proposed. Plainly, a jury could find that Ryder's subsequent failure to pursue the alleged agreement constituted a withdrawal or abandonment of the undertaking in acquiescence to its clear rejection by the plaintiff. See Perryman v. Bear Mfg. Co., 29 F.2d 835 (7th Cir.1929); 1 C.J.S. Accord and Satisfaction § 33 c. (1936), and cases cited.
3. Finally, as the law is summarized in 10 Fla.Jur.2d Compromise, Accord, and Release § 7 (1979):
Except in those cases where the new agreement is itself accepted as satisfaction,[[4]] the failure to perform an act required by a new agreement entered into in satisfaction of a claim leaves the new agreement a mere executory accord, without satisfaction, and does not bar an *511 action on the original claim. In other words, the new agreement must be executed in order to have the effect of satisfaction, and if it is not executed, the new agreement does not bar an action based upon the original agreement. Partial performance of the new agreement is also insufficient to constitute an accord and satisfaction, ... [e.s.]
As the judgment below itself shows, Ryder acknowledgedly did not forward sixteen $1,000 monthly installments required by the terms of the asserted "accord." Thus, an application of this rule precludes a finding that there was also an enforceable "satisfaction" of the plaintiff's claim. E.g., May v. Gamble, 14 Fla. 467 (1874); Vance v. Scanlon, 121 So.2d 709 (Fla. 2d DCA 1960), and cases cited.
For these reasons,[5] the summary judgment is reversed and the cause remanded for trial.
Reversed and remanded.
NOTES
[1] The entire letter was as follows:

Dear Mr. Hannah:
It is obvious that we have had a lack of agreement with your company.
It does not appear that it would be useful to explore the reasons for this problem and we would like to propose a solution at this time. As you know, our inventory liquidation has been without profit due to two factors. The first being interest paid to carry the inventory during liquidation and secondly a considerable amount of expense incurred in export preparation. As you know, our inventory was originally intended for domestic use and there is considerable expense involved in preparing equipment to avoid the damage and deterioration which may result from ocean shipment.
We propose to pay your firm a Finders Fee of $20,000.00. Enclosed is our check for $2,000.00. The balance would be paid at $1,000.00 per month for eighteen (18) months. Payment of the $20,000 would constitute full satisfaction to you for past or future sales of our equipment by us.
If this is acceptable to you, please signify your acceptance by depositing the enclosed check and signing copy of this letter. Upon receipt of the accepted letter we will commence the subject monthly remittance to you. If not accepted, please return the enclosed check and we will be happy to discuss the matter further with you either here in the United States or in Iran.
 Sincerely,
 /s/ Donald W. Freeman
 Vice President
 DWF:sd
 Enclosures
 Acknowledged and Accepted:
 __________________________ ___________
 Peter B. Hannah Date

[2] It seems rather obvious that this endorsement was the result of advice based upon the supposed effect of U.C.C. § 1-207, which is discussed infra at note 5.
[3] See note 5, infra.
[4] There was no claim or indication that Hannah's negotiation of the checks had this effect.
[5] Because of our holding that, under established principles, the issue of whether an accord and satisfaction arose must be submitted to a jury, we deem it inappropriate to consider whether we agree with the second district's holding in Miller v. Jung, 361 So.2d 788 (Fla. 2d DCA 1978) that § 1-207 of the U.C.C., § 671.207, Fla. Stat. (1977) has effected a complete reversal of the common law rule cited supra; so that a payee who cashes a check tendered in full payment may now avoid an accord and satisfaction by endorsing it "under protest" or with a reservation of rights. But see Jahn v. Burns, 593 P.2d 828 (Wyo. 1979); Fritz v. Marantette, 404 Mich. 329, 273 N.W.2d 425, 428-429 (1978); Rosenthal, Discord and Dissatisfaction: Section 1-207 of the Uniform Commercial Code, 78 Columbia L.Rev. 48 (1978); Hawkland, The Effect of U.C.C. § 1-207 on the Doctrine of Accord and Satisfaction by Conditional Check, 74 Com.L.J. 329 (1969); Official Comment 1 to U.C.C. § 1-207.