403 So.2d 1091 (1981)
Bert RUDICK, Appellant,
v.
Charlene June RUDICK, Appellee.
No. 80-2101, 81-774.
District Court of Appeal of Florida, Third District.
September 15, 1981.
*1092 Albert Wilensky, Miami, Gary M. Cohen, North Miami Beach, for appellant.
Sparber, Shevin, Rosen, Shapo & Heilbronner and Jerome H. Shevin, Miami, for appellee.
Before HENDRY and FERGUSON, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
FERGUSON, Judge.
Bert Rudick appeals from a final order dated October 2, 1980 in which the trial court rejected Rudick's defense of accord and satisfaction and directed him to pay $1,011.00 to his former wife, appellee Charlene Rudick, as the balance due for payment of the wife's attorney's fees and, in addition, assessed $3,682.34 for costs. This court consolidated a second appeal by Bert Rudick from a non-final order holding him in contempt for non-payment of the sums held owing in the October 2, 1980 order. We reverse.
*1093 The dispositive issue on appeal is whether there was satisfaction of the agreement between appellant and appellee as to payment of fees and costs when appellee cashed appellant's checks marked balance in full payment.
On July 10, 1979, the trial court entered a judgment holding appellant liable for $6,000.00 of the wife's attorney's fees. The amount of appellant's liability for costs was left unresolved. Appellant attempted to satisfy the judgment by payments of $100.00 per month. This method was unsatisfactory and a new agreement was entered into with respect to payment of attorney's fees and amount of costs.
In a letter dated August 28, 1979, counsel for appellee wrote to counsel for appellant confirming the agreement reached through correspondence and telephone conferences whereby Bert Rudick would pay the counsel for appellee a sum of $3,000.00 expected to be generated by amending the 1976 joint tax return of Bert and Charlene Rudick and to pay an additional sum of $4,500.00 to appellee. Such payments were agreed to "constitute a full and complete discharge of all Bert Rudick's fees and costs, including all of same that have been incurred supplemental to the entry of the Court's Final Judgment of Dissolution of Marriage."
On September 27, 1979, counsel for appellee wrote to counsel for appellant agreeing to certain changes with respect to time for payment of the tax refund and credits for payments received to date. Counsel for appellee further suggested that the agreed-to changes be incorporated by reference into the prior agreement as set forth in the letter of August 28, 1979.
On October 12, 1979, counsel for appellee acknowledged receipt from Bert Rudick of payment toward his "obligation to pay our attorney's fees of $6,000.00 ... and his agreement to pay an additional $1,500.00 toward costs in exchange for our not proceeding with the hearing and ruling ... on the costs issue," as follows:
1. $100  dated July 27, 1979.
2. $100  dated August 15, 1979.
3. $100  dated September 17, 1979.
4. $4,689.00  dated October 9, 1979.
The above amounts total $4,989.00, leaving a balance due toward your client's obligation for fees and costs of $2,511.00.
At this time we are awaiting Mrs. Rudick to come into our office and sign the amended 1976 tax return, as per her prior indication that she would do so and we are awaiting receipt of her 1977 individual tax return.
On October 19, 1979, counsel for appellee advised counsel for appellant that Mrs. Rudick decided not to sign the 1976 tax return which had been prepared by appellant's accountant pursuant to the agreement. Mrs. Rudick claimed that she refused to sign on the advice of a private accountant that she might become criminally liable if she signed.[1]
On October 20, 1979, counsel for appellee cashed the four checks received from appellant. Appellant had written on each of the three checks for $100, "legal fee" and on the check for $4,689.00 wrote, "$300 paid, $2,511 Tx. Refund; balance of all fees & costs." Appellee's attorneys endorsed the checks for deposit only to their firm account. There was no reservation of right written on the check or other notation indicating this was only a partial payment.
On November 20, 1979, appellee filed a motion for ruling on assessment of costs against appellant resulting in the October 2, 1980 order above.
A defense of accord and satisfaction involves a two-step process of proof that (1) the parties mutually intended to effect settlement of an existing dispute by entering into a superseding agreement, see, e.g., United States Rubber Products, Inc. v. Clark, 145 Fla. 631, 200 So. 385 (1941); Hannah v. James A. Ryder, Corp., 380 So.2d 507 (Fla. 3d DCA 1980), and (2) there was actual performance with satisfaction of the *1094 new agreement which acted to discharge the debtor's prior obligation, see, e.g., Hannah v. James A. Ryder, Corp., supra.
A superseding agreement may take the form of either an executory accord which requires actual performance before the original obligation of the parties is satisfied or a substituted agreement which results in immediate discharge of the original claim. See Montagna v. Holiday Inns, Inc., 269 S.E.2d 838 (Va. 1980), citing, Restatement of Contracts, §§ 417-19; 6A Corbin, Contracts, §§ 1268-92 (1962); 15 S. Williston, Contracts, §§ 1838-48 (3d ed. 1972); Annot. 94 A.L.R.2d 504 (1964). If the claim is disputed or unliquidated, the presumption should be that there is a substituted agreement rather than an executory contract of accord; if the obligations are liquidated, it will generally be presumed that the creditor did not intend to surrender his prior rights unless and until the new agreement is actually performed. J. Calamari and J. Perillo, Contracts, § 21-6 (1977).
Based on the above facts and law, we find that Bert and Charlene Rudick mutually intended to effect a settlement of an existing dispute by entering into an executory accord providing that payment by Bert Rudick of $7,500.00 would satisfy his liability to Charlene Rudick for attorney's fees and costs. See, e.g., United States Rubber Products v. Clark, supra; Hannah v. James A. Ryder, Corp., supra.
Because we find the parties intended to reach an accord, we must next consider the issue of satisfaction. Here, appellant has performed as required by the agreement. He had the tax return prepared at his expense according to the provisions in the agreement, and paid the additional sums agreed to. It was clearly understood by all parties that payment under the agreement required that appellant sign the amended tax return. Yet with full knowledge that appellee had breached the terms of the accord by failing to sign the prepared tax returns  and thereby lost receipt of funds generated by the tax return  attorneys for appellee cashed the three checks for $100.00 which had previously been held in escrow and, at the same time, cashed the check for $4,689.00 which was clearly marked as payment in full for legal fees and costs. Appellee did not note any reservation of right on the checks or indicate that the checks were accepted only in partial payment of the accord. We find that under circumstances of this case, cashing the checks had the effect of acknowledgment by appellee that Bert Rudick had fully performed pursuant to the terms of the accord. The cashing of the checks resulted, therefore, in satisfaction of the accord. Because there was an accord and satisfaction, appellant is precluded from suing either on the original claim or on the accord. See, e.g., Yelen v. Cindy's Inc., 386 So.2d 1234 (Fla. 3d DCA 1980), pet. for rev. dismissed, 394 So.2d 1154 (Fla. 1980) (circumstances and conditions under which appellant received and cashed check established compromise in settlement); Hannah v. James A. Ryder, Corp., supra at 510 (noting common law rule with respect to cashing check purporting to full payment); Pino v. Lopez, 361 So.2d 192 (Fla. 3d DCA 1978), cert. dismissed, 365 So.2d 714 (Fla. 1978) (check cashed in full and final payment for all goods, services and claims was accord and satisfaction). Cf. McGehee v. Mata, 330 So.2d 248 (Fla. 3d DCA 1976) (upon cashing defendant's check, plaintiff who failed to perform condition of settlement agreement estopped from asserting original claim).
Because we find appellant's defense of accord and satisfaction valid, we also reverse as to the order of contempt.
Reversed.
NOTES
[1] We note that there is no competent evidence in the record that Mrs. Rudick would, in fact, be criminally liable if she executed the tax forms.