BASKIN, Judge.
The Howards, judgment creditors of the Anaconda Real Estate Investment Trust, challenge the trial court’s entry of summary judgment in favor of appellees and the denial of appellants’ motion for summary judgment. The effect of the trial court’s orders was an approval of the actions of Evelyn Greer, the attorney for the trust beneficiaries. Mrs. Greer successfully sued the former attorney for the trust for malpractice and distributed the sums obtained in the malpractice action to the trust shareholders. The Howards claim a prior right to recover the proceeds of the malpractice action as creditors under a judgment they obtained in an earlier lawsuit against the trust, Anaconda Real Estate Investment Trust v. Howard, 324 So.2d 725 (Fla. 4th DCA), cert. denied, 336 So.2d 1179 (Fla.1976). They assert that Mrs. Greer, who was court-appointed to administer the proceeds of the malpractice action for the insolvent trust, deprived them of their rights as creditors.
The Howards complain: (1) that Mrs. Greer incorporated into the malpractice settlement a provision requiring the settlement to be confidential; (2) that the confidential nature of the proceedings thwarted the filing of creditors’ claims against the newly-acquired trust funds; and (3) that they were entitled to satisfy their judgment from the settlement proceeds prior to any distribution to the trust shareholders. We find no error in the trial court’s rulings; we affirm upon a holding that the Howards waived their right to recover.
The Howards’ waiver stems from a negotiated accord and satisfaction. Having accepted transfer of all the assets of the trust in satisfaction of their judgment, the Howards may not claim that their failure to deliver the written satisfaction called for by the agreement invalidated its terms. When the Howards finally perfected their claim in a garnishment action in Broward County, the Broward court, Gilbert v. Krupnick, No. 77-1974 (Fla. 17th Cir.Ct.1983), determined that the judgment they held was satisfied when the trust assets were transferred to them. We concur in the Broward court’s findings on this issue. The Howards ex *1311 pressly waived transfer to them of the then pending malpractice claim, on the advice of their counsel. Acceptance of the benefits of the settlement by the Howards estops them, as a matter of law, from repudiating the accord and satisfaction.
In McGehee v. Mata, 330 So.2d 248, 249 (Fla. 3d DCA 1976) this court determined that:
If an offeror clearly attaches to his offer the condition that the offer, if taken at all must be received in satisfaction of the claim in dispute, and the other party received it, he takes that offer subject to the conditions attached to it, and the offer operates as an accord and satisfaction.
See also, Rudick v. Rudiek, 403 So.2d 1091 (Fla. 3d DCA 1981); Hannah v. Ryder, 380 So.2d 507 (Fla. 3d DCA 1980); Pino v. Lopez, 361 So.2d 192 (Fla. 3d DCA), cert. dismissed, 365 So.2d 714 (Fla.1978); U.S. Rubber Products v. Clark, 145 Fla. 631, 200 So. 385 (1941).
In summary, the Howards accepted the trust assets in satisfaction of their judgment and expressly waived the right to seek the proceeds of the pending malpractice lawsuit. The summary judgment in favor of appellees is therefore affirmed.
Affirmed.