CAMPBELL, Judge.
Appellants, John I. and Mary J. Waxier, seek review in this consolidated appeal of the trial court’s orders in an action arising out of a real estate transaction which granted summary final judgment to appel-lee Hockensmith and dismissed, with prejudice, the amended count against appellee Phillips, McFarland, Gould & Wagstaff, P.A. We reverse. In so doing, we emphasize that our reversal is necessitated by a failure of the record to substantiate the reasons underlying the granting of summary judgment for appellee Hockensmith and because of pleading problems with regard to the dismissal, with prejudice, in favor of appellee Phillips, McFarland, Gould & Wag-staff, P.A.
The factual scenario behind appellants’ complaint shows that in May of 1980, appellants contracted with appellee Hocken-smith to purchase property in Pasco County described as Lot 1 and the north 23 feet of Lot 2, Block 26, Flor-A-Mar Subdivision, for a price of $85,000. This real estate transaction was closed on October 3, 1980, at the offices of appellee Phillips, McFarland, Gould & Wagstaff, P.A. The description of the property on the deed and on other closing documents which were exe *417 cuted and delivered at the closing was a metes and bounds description and did not equate to the description of the property in the contract. The full contract purchase price of $85,000 was paid.
When appellants inquired about this discrepancy between the legal descriptions of the property, the attorney for appellee Hockensmith explained that it was merely a scrivener’s error which would be corrected after closing. Based on that representation, appellants proceeded to close the transaction.
After closing, a year went by and no corrective instrument was forthcoming. In October of 1981, an exchange of correspondence took place between a partner in the Phillips, McFarland firm and appellants’ attorney. It was suggested that appellee Hockensmith would give a deed to the omitted property. It appears that no such deed has been received by appellants, nearly three and one-half years later.
At a hearing on August 1, 1984, an attorney from the Phillips, McFarland firm testified that “we finally just put the deed into the court registry.” It does not appear from the record before us that such deed has ever been deposited into the registry of the court. The copy of a deed that is included in the record, attached to affidavits, is a quitclaim deed, whereas appellants’ contract called for conveyance by warranty deed.
The Waxlers still own the property which was conveyed to them in October of 1980.
The order granting summary judgment for appellee Hockensmith was based on two grounds. First, the order stated that the facts show no damages have been sustained by appellants. This has not been sufficiently established to warrant summary judgment as long as appellants have not received, by warranty deed, a considerable portion of the property they agreed to purchase.
The second basis for the summary judgment was based on the defense of accord and satisfaction. The record does not support this defense since it has not been shown that appellants have received a warranty deed conveying to them all of the property they agreed to purchase.
We further conclude that the pleadings are not adequate to support a complete dismissal, with prejudice, of appellants’ poorly drafted pro se complaint as it pertained to appellee Phillips, McFarland, Gould & Wagstaff, P.A. The record does lend support to the fact that no privity existed between appellants and appellee Phillips, McFarland, Gould & Wagstaff, P.A. The record also appears to support the fact that any action for professional malpractice would be barred by section 95.-ll(4)(a), Florida Statutes (1980). However, there are serious allegations in appellants’ complaint which appear to allege willful misconduct and.fraud. While there is only a single count alleged against appellee Phillips, McFarland, Gould & Wagstaff, P.A., we cannot determine that appellants meant to limit their claim to a claim based on privity and malpractice. Appellants should, therefore, have the opportunity to attempt to amend and, if so, since they are now represented by counsel, Florida Rule of Civil Procedure 1.120(b) should be adhered to, if relevant.
Reversed and remanded.
GRIMES, A.C.J., and OTT, J., concur.