PER CURIAM.
The plaintiff below appeals from a summary judgment for the defendant carrier in an action to recover for medical payments allegedly due under a health insurance policy. We find that neither of the bases asserted below and on appeal justifies the judgment under review.
First, the defense of accord and satisfaction was not established beyond genuine issue[1] because, among other things (a) there was no showing of the existence of a real dispute as to the plaintiff’s entitlement to the sums represented by the four checks previously transmitted by the defendant; hence, there was arguably nothing to be “compromised” at all, 10 Fla.Jur.2d Compromise, Accord, and Release §§ 5-6 (1979); (b) since the sums in question were sent not to Mrs. San Hueza but to her lawyer and were made payable to and negotiated respectively by the medical entities which provided the services and her husband as reimbursement for expenses he had paid, the plaintiff, who did not cash any of the checks herself, did not engage in conduct which could sustain a conclusion that she intended to effect a binding resolution of the supposedly contested claim; a mutual intention to do so is *322 the indispensable essence of a valid accord and satisfaction, Hannah v. James A. Ryder Corp., 380 So.2d 507, 510 (Fla. 3d DCA 1980); and (c) the plaintiff's failure to sign, as requested, the release which accompanied the checks likewise demonstrates an issue as to whether such an agreement was intended. See Hannah v. James A. Ryder Corp., 380 So.2d at 510.
Second, we cannot agree with the appellee that the plaintiffs answers to interrogatories, which so stated, were nevertheless insufficient to create a genuine issue as to the fact that allegedly insured hospital bills remained outstanding merely because of the obviously non-prejudicial fact that, although they were served within the time required by Florida Rules of Civil Procedure 1.340(a) and 1.510(c)[2] and received by the defendant at least one day before the hearing, the answers were not filed until the time of the hearing itself. See Garris v. Winn Dixie Stores, Inc., 541 So.2d 1229 (Fla. 3d DCA 1989); Maler v. Baptist Hospital, Inc., 532 So.2d 79 (Fla. 3d DCA 1988); Zayres Dep’t Stores v. Fingerhut, 383 So.2d 262 (Fla. 3d DCA 1980).
Reversed.

. We do not preclude a finding after remand that the defense did not exist as a matter of law.

. "The adverse party may serve opposing affidavits prior to the day of hearing.”