632 So.2d 714 (1994)
ADLOW, INC., Appellant,
v.
MAUDA, INC., Dori-Jo, Inc., and Sun Bank and Trust Company, Appellees.
No. 92-2692.
District Court of Appeal of Florida, Fifth District.
March 4, 1994.
William T. Charnock, III, Spring Hill, for appellant.
Richard J. DaFonte, Brooksville, for appellee, Mauda, Inc.
Charlie Luckie, Jr. of McGee, Luckie & Dayton, P.a., Brooksville, for appellee, Sun Bank and Trust Co.
No Appearance for appellee, Dori-Jo, Inc.
THOMPSON, Judge.
Adlow, Inc. appeals the trial court's order awarding the right to attorney's fees to Mauda Inc., Dori-Jo, Inc., and Sun Bank & Trust Company ("Mauda"). Although this case involves the entry of a summary judgment on a lien foreclosure, the only issue appealed by Adlow is the order on attorney's fees. We dismiss the appeal.
Adlow filed suit on 31 March 1989 for a lien foreclosure on a liquor license and other property, based on the transfer of the license and property without its consent as lienholder. The trial court granted final summary judgment to appellees, reserving jurisdiction to consider appellant and appellees' motions for attorney's fees. On 11 August 1992, the trial court rendered its order denying appellant's motion and granting appellees' motion, but did not set the amount of fees. Appellant filed a motion to reconsider the attorney's fees issue which was denied by an order rendered on 12 October 1992. Notice of appeal was filed on 26 October 1992.
This court does not have jurisdiction to review this case for two reasons. First, the order awarding appellees' attorney's fees is not a final order, as the order only determines appellees' right to attorney's fees without setting the amount; therefore, the matter has not been fully resolved on the merits. See Fla.R.App.P. 9.030(b)(1)(A); Blattman v. Williams Island Assoc., Ltd., 592 So.2d 269 (Fla. 3d DCA 1991); see also, Welch v. Resolution Trust Corp., 590 So.2d 1098, (Fla. 5th DCA 1991) (test for whether order is final for appeal purposes is whether it disposes of cause on its merits leaving no questions open for judicial determination except for execution or enforcement if necessary).
Second, even if the order is considered as an appealable non-final order pursuant to Fla.R.App.P. 9.130(a)(4), the appeal is untimely because a motion for rehearing does not toll the time for filing an interlocutory *715 appeal. Blattman, 592 So.2d 269; Welch, 590 So.2d 1098 (citations omitted); Freeman v. Perdue, 588 So.2d 671 (Fla. 5th DCA 1991); Bell v. Geist, 531 So.2d 406 (Fla. 5th DCA 1988) (since the motion for rehearing was not authorized because the order was a non-final order, the time to appeal was not tolled by the motion and the appeal must be filed within 30 days of the rendition of the order). The notice of appeal should have been filed by 11 September 1989 at the latest.
The appeal is dismissed for lack of jurisdiction without prejudice to appellant to appeal from a final trial court order setting the attorney's fees. The trial court order setting attorney's fees, however, must contain appropriate findings of facts to support an award pursuant to § 57.105(1), Florida Statutes (1991). S.A.B.T.C. Townhouse Ass'n, Inc. v. Schmitz, 565 So.2d 827 (Fla. 5th DCA 1990); see also, Schwartz v. W-K Partners, 530 So.2d 456 (Fla. 5th DCA 1988) (where prevailing party moved for fees not only under section 57.105, but also under the contract at issue in the litigation, held that the trial court was required to make a finding that there was a complete absence of a justiciable issue raised by the losing party when entering an award of fees under section 57.105); cf., Autorico, Inc. v. Government Employees Ins. Co., 398 So.2d 485 (Fla. 3rd DCA 1981).
DISMISSED.
PETERSON and GRIFFIN, JJ., concur.