662 So.2d 375 (1995)
COASTAL FUELS MARKETING, INC., Appellant,
v.
LEASCO INVESTMENTS, etc., et al., Appellee.
No. 94-332.
District Court of Appeal of Florida, Fifth District.
October 6, 1995.
Rehearing Denied November 1, 1995.
*376 Neil O. Bowman, Miami, and Robert F. Higgins of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellant.
David R. McFarlin of Wolff, Hill, McFarlin & Herron, P.A., Orlando, for Appellees.
THOMPSON, Judge.
Coastal Fuels Marketing, Inc. ("Coastal"), formerly known as Belcher Oil Company, appeals the trial court's final judgment which construed the provisions of the parties' Terminalling Agreement in favor of appellee Leasco Investments ("Leasco"). We affirm in part and reverse in part.
In 1977 Coastal and Leasco[1] entered into a Terminalling Agreement whereby Leasco agreed to lease a parcel of real property to Coastal for use as an oil terminal in Coastal's business operations. The primary term of the Terminalling Agreement began 7 September 1977 and ended 31 August 1997. The agreement included an option to extend the term for an additional ten years after the expiration of the primary term. For the first three years of the primary term, the agreement required Coastal to pay terminalling fees in the base sum of $54,400 per month. For the remaining seventeen years of the primary term, the agreement required Coastal to pay terminalling fees in the base sum of $30,000 per month. The agreement provided, however, that this base sum would be adjusted every five years to reflect the percentage change in the Consumer Price Index. Specifically, the agreement provided that:
On September 7, 1982; September 7, 1987; and September 7, 1992; the monthly payment shall be adjusted upward or downward using the percentage change in the Consumer Price Index for Urban Wage Earners and Clerical Workers (CPI-W)  U.S. City Average and Selected Areas (Base Period 1967 = 100) for the previous five (5) year period (for September 7, 1982, the monthly payment shall be calculated by multiplying $30,000 times the resultant of dividing the CPI-W for June 1982 by the Consumer Price Index for June 1977).
In 1987, a dispute arose between the parties concerning the calculation of the monthly payment due under this provision. Leasco took the position that the monthly payment should be calculated using the Consumer Price Index (CPI) for 1977; Coastal, on the other hand, contended that the CPI for 1982 was the appropriate figure. Coastal began making the adjusted monthly payment due under the provision as calculated by Leasco; *377 however, Coastal subsequently filed this lawsuit seeking to recover overpayments and to obtain a declaration of its rights under the agreement.
After conducting a non-jury trial, the trial court entered a final judgment in favor of Leasco and against Coastal. In its final judgment, the trial court "reformed" the agreement to provide that the CPI for 1977 would be used in calculating the monthly payment due under the agreement for each adjustment period.
On appeal, Coastal contends that the trial court erred in rewriting the payment provision of the parties' agreement. We agree. Courts are not authorized to rewrite a contract between the parties when the provision at issue is clear and unambiguous. Voelker v. Combined Ins. Co., 73 So.2d 403, 408 (Fla. 1954); North Am. Van Lines v. Collyer, 616 So.2d 177, 179 (Fla. 5th DCA 1993). In the present case, the clear and unambiguous language of the payment provision states that the monthly payment due under the agreement shall be adjusted according to a formula which uses the CPI for the previous five-year period. At the time of the 1982 adjustment, therefore, the applicable CPI was the CPI for June 1977. In 1987 and 1992, however, the monthly payment should have been adjusted using the CPI's for 1982 and 1987, respectively, and not 1977.
Accordingly, we reverse that portion of the trial court's final judgment which changes the payment provision of the parties' Terminalling Agreement to state that the applicable CPI is always the CPI for 1977. In all other respects, the final judgment is affirmed.[2]
AFFIRMED in part; REVERSED in part.
PETERSON, C.J., and HARRIS, J., concur.
NOTES
[1] Appellee Cyrus Luley is a general partner of Leasco, and appellee Wayne Tidwell is the managing general partner of Leasco.
[2] We reject Coastal's additional argument that the trial court erred in construing the parties' agreement to provide that an additional $5,000 monthly payment was due beginning September 1977 rather than September 1997. Further, in light of our holding, we conclude that the trial court did not err in dismissing Leasco's counterclaim for tortious interference or in refusing to award Leasco its attorney's fees and costs.