THOMPSON, Judge.
This is a consolidated appeal in which Ralph Hamm appeals a final judgment and award of attorney’s fees and costs to Ralph H. Eckler.[1] The dispute arose over the sale of a business and whether OSHA[2] penalties and fines should be considered “payables” under the contract for the sale. The parties also appeal the determination of a prevailing party and the award of attorney’s fees and costs. We reverse.
Hamm and Eckler were fifty/fifty owners of Eckler Chevrolet-Geo, Inc. over which Hamm exercised daily control and management. Eckler filed a two count complaint seeking accéss to books and records of the corporation and the involuntary dissolution of the corporation. Thereafter, the parties entered a settlement agreement to resolve all of their pending claims against each other. The agreement required the sale of the business to a third party, after which the proceeds would be distributed in accordance with the agreement. Disputes arose between Hamm and Eckler after the sale, and, after a motion for contempt was filed, the trial court appointed a special master, Dan Davies, CPA. He was to determine, among other things, the assets and liabilities of the corporation and each party’s share. One part of the agreement created a problem: whether OSHA penalties and fines were “payables” as defined by the agreement. Eckler claimed they were and that he was entitled to an offset under the agreement.
Paragraph 10 of the settlement agreement provided that in the event the accounts payables of the corporation exceeded $125,-000, Hamm would have to pay the excess from his portion of the proceeds of the sale of the corporation. Paragraph 10 reads:
10. Hamm warrants and represents to Eckler and the Corporation that total pay-ables excluding the GM cap loan and, excluding all sums owed to Eckler and or any Eckler entity, of the Corporation do not exceed One Hundred Twenty Five Thousand Dollars ($125,000.00) as of July 6, 1995. Said One Hundred Twenty Five Thousand Dollars ($125,000.00) of payables are the responsibility of the Corporation and hot' Ralph Hamm. Payables shall be defined as those expenses and charges that áre usual and customary for goods and services in the normal course of business. If prior to the closing on the sale and purchase of the Stock it is determined that the payables will exceed One Hundred Twenty Five Thousand Dollars ($125,-000.00) such sum shall be the sole responsibility of Ralph Hamm, and such sum shall be. deducted and paid from the cash due Harrym upon Eckler’s purchase of the Stock.
(Emphasis supplied.)
Davies filed his report and found, among other things, that the payments to OSHA were included within the term “payables.” When testifying, he explained that such fines are “just a normal part of doing business under our current level of Government activity. It is part of the cost of doing business,!’ adding, “and I think it is normal and customary.” When asked how an OSHA fine provided a good or service, Davies stated that compliance with OSHA gave a car dealership “the right to exist at all. You can’t operate in the TJ.S. unless you pay attention to the bureaucracy [-] you can’t just do it.” The trial court accepted the report and ordered *772 the payment of additional sums to Hamm. Both parties filed objections to the report and to the trial court’s order. Both parties also filed motions for attorney’s fees based upon language in the settlement agreement that provided attorneys fees and costs to the prevailing party. The court denied each motion finding no prevailing party. However, the trial court determined that Eckler was the prevailing party with respect to the initial complaint, and awarded him attorney’s fees and costs pursuant to section 57.104, Florida Statutes.
Hamm argues on appeal that an OSHA penalty is not a “payable” as that term was defined in the settlement agreement. He admits that a fine might arguably be an expense or charge, but asserts that it is not a usual or customary expense for goods and services in the normal course of business; rather, it is punishment for noncompliance with the law. Hamm argues that by ignoring the requirement that the payable be “for goods and services,” the trial court violated the rule that courts are not authorized to rewrite contracts between the parties where the provision at issue is clear and unambiguous. See Coastal Fuels Mktg., Inc. v. Leasco Invs., 662 So.2d 375, 377 (Fla. 5th DCA 1995)(citing Voelker v. Combined Ins. Co. of America, 73 So.2d 403, 408 (Fla.1954); North Am. Van Lines v. Collyer, 616 So.2d 177, 179 (Fla. 5th DCA 1993)).
Eckler answers that the OSHA fine was usual and customary, as Hamm had previously paid an OSHA fine in the normal course of business. He states that it is foreseeable that continuously and knowingly operating a hazardous paint booth within an auto body shop may result in OSHA fines.' Hamm, Eckler argues, treated OSHA fines as pay-ables by accepting them as a cost of doing business and by not correcting the hazardous condition which triggered the fines.
We agree with Hamm. The clear and unambiguous language of the agreement defines payables as expenses “for goods and services.” Davies’ explanation of how the fines met that criterion was flawed: He stated that compliance with OSHA gave a car dealership “the right to exist at all. You can’t operate in the U.S. unless you pay attention to the bureaucracy [-] you can’t just do it.” But, his focus was on compliance, not on noneompliance. While an argument might be made that a cost incurred in complying with OSHA’s dictates, such as an inspection fee paid to OSHA to inspect the facility, was an expense incurred “for goods and services,” a similar argument cannot be made for a penalty imposed for noncompliance. Under federal law, a fine imposed by OSHA is a penalty, 29 U.S.C § 659, imposed for violations of occupational safety laws. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156 (6th Cir.1980). A penalty might be characterized as an expense of doing business, but that does not meet the definition in paragraph 10 of the agreement, that pay-ables are expenses for goods or services. A penalty is neither a good nor a service, and there was no good or service exchanged for the penalty. Accordingly, the court erred in approving that portion of the special master’s report which included the OSHA fines within the definition of a payable, and we reverse and remand for recalculation of the amounts due the parties.
We determine that we do not have jurisdiction to review the order on the motions for attorney’s fees. First, an order which determines entitlement to attorney’s fees but which does not set the amount is not a final order. See Fla. R.App. P. 9.030(b)(1)(A); Welch v. Resolution Trust Corp., 590 So.2d 1098 (Fla. 5th DCA 1991) (to be final, an order must dispose of cause on its merits and leave no questions open for judicial determination except for execution or enforcement if necessary). Here, the trial court determined entitlement but not the amount of Eckler’s award, thus leaving additional judicial labor to be done. Further, assuming the order is an appealable non-final order, we lack jurisdiction to review it because the notice of appeal was not filed within thirty days of the order’s rendition. A motion for rehearing of the order was filed, but, because the order was interlocutory, the motion did not toll the time for filing an appeal. See Welch; Adlow, Inc. v. Mauda, Inc., 632 So.2d 714 (Fla. 5th DCA 1994) (holding that an appeal from an order denying one party's fees motion but granting the *773 other party’s motion, without setting the amount thereof, was untimely, assuming it to be an appealable non-final order under rule 9.130(a)(4), because, the motion for rehearing of the non-final order did not toll rendition).
We reverse the judgment and we remand for recalculation, consistent with this opinion, of the amounts due the parties. Further, we dismiss the attorney’s fees issue for lack of jurisdiction. On remand, the court may revisit the issue of attorney’s fees and the prevailing party in light of this opinion.
REVERSED and REMANDED with instructions.
DAUKSCH and COBB, JJ., concur,

. Although the appeal involves interpretation of an agreement, the parties never sued for breach of contract. Instead, the court entered orders based upon contempt proceedings to enforce the provisions of section 607.1604, Florida Statutes.

. Occupational Safety and Health Review Commission.