992 So.2d 865 (2008)
Heidi K. HARRISON, Appellant,
v.
John J. GATTOZZI, Appellee.
No. 5D07-3064.
District Court of Appeal of Florida, Fifth District.
October 3, 2008.
*866 Kenneth D. Morse, of Kenneth D. Morse, P.A., Orlando, for Appellant.
Mark A. Fromang, of Fromang & Fromang, P.A., Orlando, for Appellee.
PER CURIAM.
Heidi K. Harrison ("the mother") appeals the trial court's order granting John J. Gattozzi's ("the father") supplemental petition to modify the parties' final judgment of dissolution of marriage. The mother contends that the trial court erred by changing primary residential custody of the parties' son from the mother to the father. Having reviewed the record and the trial court's detailed findings, we must affirm the ruling because there is competent, substantial evidence in the record on which the decision could be based. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The mother also contends that the trial court erred by awarding attorney's fees and costs to the father. It is not clear that the order determined that the father was entitled to attorney's fees. More importantly, the order did not set an amount of fees. Consequently, the matter has not been fully resolved and the appeal as to that matter is premature. See Adlow, Inc. v. Mauda, Inc., 632 So.2d 714 (Fla. 5th DCA 1994). We dismiss the appeal as to the issue of attorney's fees. In doing so, we note that section 61.16, Florida Statutes (2006), establishing an entitlement to attorney's fees based on financial need and the ability to pay, is the applicable standard. While the father argues that the prevailing party standard should be utilized under the terms of the parties' marital settlement agreement, that provision is applicable only to actions to enforce the marital settlement agreement. Here, the father was seeking to modify the agreement, not enforce it. Accordingly, the general standard for attorney's fees in family law cases applies. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
For these reasons, we affirm the trial court's ruling regarding the change of primary residential custody of the parties' son and dismiss the appeal as to attorney's fees.
*867 AFFIRMED IN PART; DISMISSED IN PART.
GRIFFIN, ORFINGER and MONACO, JJ., concur.