PER CURIAM.
Helen Cummings petitioned this court for review of three separate postjudgment orders in the underlying case. The attempt at seeking review of three separate orders in this one proceeding creates procedural problems because the orders are reviewable by different methods. Nevertheless, without belaboring the procedural improprieties, we deny one aspect of the relief sought, dismiss another aspect as premature, and summarily affirm without prejudice for Cummings to pursue a separate action.
Tammy and Luke Campbell (“The Campbells”) obtained a judgment requiring Cummings to specifically perform on a contract to sell the Campbells real property. Cummings refused to cooperate with the closing process, so the court eventually entered an amended judgment that provided for a forced transfer of title. See Fla. R. Civ. P. 1.570(d). The Campbells’ counsel, respondent William Cobb, complied with the court’s judgment and deposited the net proceeds of the sale into the court registry. The judgment was satisfied and the case closed.
Cummings, however, filed a series of motions and documents in the trial court which alleged that the Campbells had engaged in improper acts in the closing process and had improperly deducted amounts from the proceeds of the sale. Cummings raised many factual allegations, which are subject to dispute, and contended she was still entitled to more than $25,000 from the Campbells. One of Cummings’ many motions sought sanctions against the Campbells’ counsel for allegedly depositing in the court registry an amount less than what Cummings alleges she is owed. Counsel deposited the net amount from the closing, which was at the price called for in the contract, and counsel filed a closing statement which included an itemized list of every deduction made from the sale price.
Because the judgment in this case had been satisfied, the court found it lacked jurisdiction to consider these motions. The court permitted Cummings to file a motion to set aside the judgment under rule 1.540(b) if she had a valid ground for doing so. Cummings did not do so. Almost a year later, Cummings filed another series of motions seeking to “enforce” the judgment in this case and seeking sanctions against the Campbells and their counsel, and asking the court to hold them in contempt, for allegedly failing to deposit the correct amount of funds in the court registry. Cummings did not seek to set aside the judgment under rule 1.540(b), but instead argued that the court retained inherent jurisdiction to order restitution *1137 and resolve the factual disputes that had arisen regarding the amount deposited.
In response, the Campbells filed a motion for sanctions because of these many-improper filings and the allegations of fraud levied against the Campbells’ attorney, Cobb. The court held a hearing and again determined that it lacked jurisdiction to “enforce” the judgment in this case, explaining that the judgment had long ago been satisfied when the proceeds of the court-ordered closing had been deposited in the court registry. The court refused to set an evidentiary hearing to resolve the factual issues raised by Cummings’ motions. The court then heard argument on the Campbells’ motion for sanctions and determined that Cummings’ allegations that Cobb had committed fraud were baseless. The court then sanctioned Cummings, and her attorney, requiring the pair to pay attorney’s fees. § 57.105, Fla. Stat. (2008). Cummings then moved to disqualify the trial judge, and the motion was denied.
This petition for writ of certiorari followed, and Cummings seeks review of the order denying her motion to disqualify the trial judge, the order imposing sanctions upon herself and counsel, and the order denying her motions to enforce judgment and hold an evidentiary hearing. The petition seeks an improper remedy, but we treat the petition as if the proper remedy had been sought. Fla. R. App. P. 9.040(c).
The portion of the petition which seeks review of the order denying Cummings’ motion to disqualify the trial judge is hereby treated as a petition for writ of prohibition. Sutton v. State, 975 So.2d 1073, 1076-77 (Fla.2008). This aspect of the petition is denied with prejudice. The motion to disqualify was legally insufficient and appears designed to frustrate the process by which Cummings received an adverse ruling. Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986).
Cummings’ attempt at review of the order which imposed attorney’s fees as a sanction under section 57.105, Florida Statutes, is dismissed as premature. Ross v. Blank, 958 So.2d 437, 441 (Fla. 4th DCA) (citing Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994)), review denied, 969 So.2d 1015 (Fla.2007). The trial court has not yet determined the amount of fees to be imposed as a sanction, so this order is not ripe for review. Dismissal is without prejudice for petitioner to seek review of the sanction order after the trial court determines the amount of fees to be imposed.
As for Cummings’ attempt at review of the order which denied the motion to set an evidentiary hearing and denied the other postjudgment motions, this petition is treated as an appeal of a post-judgment order under the non-final appeal rule. See Fla. R.App. P. 9.130(a)(5). The petition for writ of certiorari is treated as appellant’s notice of appeal and initial brief. Fla. R. App. P. 9.130(b). Because Cummings fails to present any basis for reversal, the order denying the post-judgment motions is summarily affirmed. Fla. R. App. P. 9.315(a). The trial court correctly determined that it lacked jurisdiction to “enforce” the judgment in the manner sought by appellant. The judgment in this case was satisfied.
Affirmance is without prejudice for Cummings to bring a separate cause of action raising the alleged improprieties that occurred during the closing on the contract and seeking damages for the allegedly improper deductions from the purchase price. The trial court in this case did not have continuing inherent authority to determine these extrinsic, fact-intensive matters in postjudgment proceedings.

*1138
Denied in part; Dismissed in part; and Redesignated and Affirmed in part.

WARNER, POLEN and STEVENSON, JJ., concur.