ORFINGER, C.J.
Rocka Fuerta Construction, Inc. (“Roc-ka”) appeals the final order dismissing its complaint against Southwick, Inc. as a sanction. We reverse the order of dismiss *1024 al, but dismiss, as premature, the appeal of the order granting sanctions pursuant to section 57.105, Florida Statutes (2010).
Rocka completed several projects for Southwick. A dispute regarding payment arose between them that was resolved when they entered into a settlement agreement (“Settlement Agreement”), which required Southwick to make two payments of $4,000 each to Rocka, the first of which was due upon the Settlement Agreement’s execution. Southwick delivered a check to Rocka as required for the first payment; however, the bank refused to honor it. Rocka resubmitted the check, and it was again dishonored.
Rocka retained counsel and advised them of the Settlement Agreement and about the bad check. Rocka’s attorneys proceeded to file a multi-count complaint against Southwick, seeking $42,835, the amount Rocka originally claimed South-wick owed, not the $8,000 agreed to in the Settlement Agreement. The complaint did not refer to or seek to rescind the Settlement Agreement. Southwick responded by filing a “Motion for Sanctions in Attempting to Perpetrate a Fraud Upon the Court” and a motion for sanctions pursuant to section 57.105, Florida Statutes. In both motions, Southwick argued that the Settlement Agreement superseded any underlying contractual agreements between the parties and that Rocka acted in bad faith by not disclosing the Settlement Agreement to the court. Southwick asked the court to dismiss Rocka’s suit with prejudice and to award it section 57.105 attorney’s fees.
At the hearing on the motions, Rocka’s attorneys argued that they did not refer to the Settlement Agreement in the complaint because, they contended, there was no valid Settlement Agreement, i.e., it was void or voidable due to Southwick’s failure to make the required payments. Unconvinced by that argument, the trial court dismissed Rocka’s complaint with prejudice as a sanction for what it believed was Rocka’s attempt to perpetrate a fraud on the court.
An order dismissing a case as a sanction will be upheld absent an abuse of discretion.[1] Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002). However, while trial courts have the inherent authority to dismiss actions based on fraud, that power should be used “cautiously and sparingly,” and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing. Granados v. Zehr, 979 So.2d 1155, 1157 (Fla. 5th DCA 2008). In other words, the extreme sanction for a dismissal should be imposed only where “it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense.” Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998) (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)). When reviewing a case for fraud, the court *1025 should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Because dismissal sounds the “death knell of the lawsuit,” courts must reserve such strong medicine for instances where the defaulting party’s misconduct is correspondingly egregious. Id.; see Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993).
This case plainly fails to present the type of egregious misconduct or extreme circumstance to support dismissal with prejudice. Rocka’s failure to refer to or seek to rescind the Settlement Agreement is simply not fraud. Instead, if anything, the Settlement Agreement’s effect on Rocka’s claim is more appropriately raised by Southwick as an affirmative defense.[2] Wolowitz v. Thoroughbred Motors, Inc., 765 So.2d 920, 928 (Fla. 2d DCA 2000) (holding accord and satisfaction must be pled as affirmative defense). South-wick was not hampered in the presentation of its case by the alleged pleading defect since it was aware of, and a party to, the Settlement Agreement. Dismissal with prejudice is particularly inappropriate in those situations where the attorney, and not the client, is responsible for the error. See Am. Express Co. v. Hickey, 869 So.2d 694, 695 (Fla. 5th DCA 2004). Here, Roc-ka disclosed the Settlement Agreement to its attorneys, and there is nothing in the record to suggest that Rocka, or its attorneys, engaged in what Southwick contends was a “fraud on the court.”
Next, Rocka alleges that the trial court abused its discretion by granting sanctions and awarding attorney’s fees and costs to Southwick pursuant to section 57.105, Florida Statutes. While the dismissal order was styled as an order granting sanctions pursuant to section 57.105, the court made no determination of the amount of the fees to be imposed as a sanction under section 57.105.[3] Instead, *1026 the dismissal order simply indicated that “[t]he case is dismissed and the court reserves as to other sanctions.” Thus, the appeal as to this issue is premature. See Cummings v. Campbell, 7 So.3d 1135, 1137 (Fla. 4th DCA 2009); Harrison v. Gattozzi, 992 So.2d 865, 866 (Fla. 5th DCA 2008); Ross v. Blank, 958 So.2d 437, 441 (Fla. 4th DCA 2007); Adlow, Inc. v. Mauda, Inc., 632 So.2d 714 (Fla. 5th DCA 1994). However, given our reversal of the order dismissing Rocka’s suit, this issue is most likely moot.
For these reasons, we reverse the order dismissing Rocka’s suit. We dismiss, as premature, Rocka’s appeal of the order concerning attorney’s fees and costs under section 57.105.
REVERSED in part; DISMISSED in part.
GRIFFIN and JACOBUS, JJ., concur.

. Although a dismissal imposed as a sanction is reviewed under an abuse of discretion standard, some courts have held that the trial court’s discretion is narrowed when dismissal is imposed for fraudulent conduct such as alleged here, and an even more stringent abuse of discretion standard is appropriate. See, e.g., Suarez v. Benihana Nat'l of Fla. Corp., 88 So.3d 349, 352 (Fla. 3d DCA 2012); Ramey v. Haverty Furniture Cos., 993 So.2d 1014, 1018 (Fla. 2d DCA 2008); Bob Montgomery Real Estate v. Djokic, 858 So.2d 371, 374 (Fla. 4th DCA 2003); Tri Star Inv. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981).

. Southwick appears to be arguing that the Settlement Agreement acted either as a novation, or an accord and satisfaction of the prior agreements between the parties, and, as a result, Rocka was limited to seeking only the $8,000 called for in the agreement, not the $42,835 Rocka claimed was originally owed. We are not convinced by that argument. A novation, like any other contract, must be supported by a valid consideration. U.S. Home Acceptance Corp. v. Kelly Park Hills, Inc., 542 So.2d 463, 464 (Fla. 5th DCA 1989). If the Settlement Agreement was merely a promise to pay in installments, that which Southwick was already legally obligated to pay, there was no valid consideration, and, as a matter of law, a novation could not arise. Id.; Miami Nat'l Bank v. Forecast Constr. Corp., 366 So.2d 1202 (Fla. 3d DCA 1979).
An accord and satisfaction results when: (1) the parties mutually intend to effect a settlement of an existing dispute by entering into a superseding agreement, and (2) there is actual performance in accordance with the new agreement; compliance with the new agreement discharges the prior obligations. Martinez v. S. Bayshore Tower, L.L.L.P., 979 So.2d 1023, 1024 (Fla. 3d DCA 2008). The defense of accord and satisfaction requires proof that "the parties mutually intended to effect settlement of an existing dispute by entering into a superseding agreement ... and ... actual performance with satisfaction of the new agreement...." Rudick v. Rudick, 403 So.2d 1091, 1093-94 (Fla. 3d DCA 1981). If there is no performance under the new agreement, then there is no satisfaction and the defense fails. Id. at 1094; see Waxler v. Hockensmith, 474 So.2d 415, 417 (Fla. 2d DCA 1985); Vance v. Scanlon, 121 So.2d 709, 710 (Fla. 2d DCA 1960); Hannah v. James A. Ryder Corp., 380 So.2d 507, 510-11 (Fla. 3d DCA 1980). Further, the question of whether the parties intended to effect a settlement of an existing dispute by entering into a superseding agreement is generally a question of fact. See Brewer v. Northgate of Orlando, Inc., 143 So.2d 358, 361 (Fla. 2d DCA 1962); Hannah, 380 So.2d at 509.

. In its Initial Brief, Rocka informed us that after the notice of appeal was filed in this case, the court held a hearing on the sanctions motion and sanctioned both Rocka and *1026 its counsel, and ordered them to pay South-wick’s attorney's fees and costs. The appeal of this award must be addressed separately, see Adlow, Inc. v. Manda, Inc., 632 So.2d 714, 715 (Fla. 5th DCA 1994), and may be moot depending on the course that the trial court takes on remand.